COPY

DURIE TANGRI LLP
MICHAEL H. PAGE (SBN 154913)
mpage@durietangri.com
JOSHUA H. LERNER (SBN 220755)
jlerner@durietangri.com
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: 415-362-6666
Facsimile: 415-236-6300

Attorneys for Defendant
Twitter, Inc.

ORIGINAL FILED
DEC - 3 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PeopleBrowsr, Inc., and PeopleBrowsr Pty., Ltd., <br><br> Plaintiffs, <br><br> v. <br><br> Twitter, Inc. <br><br> Defendant. | Case No. 12 6120 DMR <br><br> **NOTICE OF REMOVAL OF ACTION: UNDER 28 U.S.C. § 1441(A) (FEDERAL QUESTION)** |

---

NOTICE OF REMOVAL OF ACTION: UNDER 28 U.S.C. § 1441(A) (FEDERAL QUESTION)
CASE NO. _____

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant Twitter, Inc. ("Twitter") hereby removes to this Court the state court action described below.

On November 27, 2012 an action was filed in the Superior Court of the State of California in and for the County of San Francisco entitled *PeopleBrowsr, Inc., and PeopleBrowsr Pty.,Ltd.* (collectively "PeopleBrowsr") *v. Twitter* as case number CGC-12-526393, attached hereto as Exhibit A.

On November 27, 2012, Defendant was served with a copy of said complaint and summons from the said state court, together with applications for Temporary Restraining Order and expedited discovery. A copy of the summons is attached hereto as Exhibit B. The balance of the Superior Court case file is attached hereto as Exhibit C.

## I. JURISDICTION

This action is a civil action of which this Court has original and exclusive jurisdiction under the Sherman Act, 15 U.S.C. Section 4, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. Sections 1331 and 1441(a) in that it arises under federal antitrust law.

## II. INTRADISTRICT ASSIGNMENT

As this action arose in the City and County of San Francisco, assignment to the San Francisco Division of the United States District Court for the Northern District of California is proper.

## III. PEOPLEBROWSR'S COMPLAINT AND TRO PAPERS REVEAL THAT ITS SECTION 17200 CLAIM IS BASED ON FEDERAL ANTITRUST LAW

PeopleBrowsr's Complaint purports to state four causes of action: intentional interference with contractual relations, intentional interference with prospective economic advantage, promissory estoppels, and violations of California Business & Professions Code Section 17200 *et seq.* ("Section 17200"). PeopleBrowsr alleges, *inter alia*, that Twitter violates the "unfair acts" prong of Section 17200 by "committing acts of unfair competition that significantly threaten or harm competition. Twitter is the dominant player in the market for real-

time, public micro-blog data in the United States . . . . Twitter is using its exclusive control over its data to gain control of the Twitter Big Data Analytics market . . . Twitter's actions are unreasonable and anticompetitive." Compl. ¶¶ 155-158. Those allegations, which form the sole basis for PeopleBrowsr's claims under the "unfair acts" prong of Section 17200, state a claim—if at all—under Section 2 of the Sherman Act, over which the Federal Courts have exclusive jurisdiction.

Because PeopleBrowsr's Section 17200 claim arises under federal antitrust law, it is necessarily federal in character, and presents substantial, disputed questions of federal antitrust law. *See, e.g., Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1430 (9th Cir. 1984), *superseded by statute on unrelated grounds, Ethridge v. Harbor House Rest.*, 861 F.2d 1389 (9th Cir. 1981); *Sparta Surgical Corp. v. National Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209 (9th Cir. 1998). In particular, the artful pleading doctrine prevents a plaintiff from trying to avoid federal jurisdiction by failing to plead necessary federal questions in a complaint. *See Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13, 103 S. Ct. 2841, 2848, 77 L. Ed. 2d 420 (1983); *see also Rains v. Criterion Sys., Inc.*, 80 F.3d 339 (9th Cir. 1996) ("Even where, as here, state law creates the cause of action, and no federal law completely preempts it, federal jurisdiction may still lie if 'it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims.'") (citation omitted).

### IV. THE ALLEGATIONS IN PEOPLEBROWSR'S COMPLAINT ESTABLISH THAT THIS MATTER SHOULD BE REMOVED TO FEDERAL COURT.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 USC § 1441(a). "The several district courts of the United States are invested with jurisdiction to prevent and restrain violations of sections 1 to 7 of" the Sherman Act. 15 U.S.C. § 4.

## V. CONCLUSION

For the reasons stated above, this matter is properly removed to federal court, which has exclusive jurisdiction.

Dated: December 3, 2012

DURIE TANGRI LLP

By: _____
MICHAEL H. PAGE
JOSHUA H. LERNER

Attorneys for Defendant
Twitter, Inc.

---

3
NOTICE OF REMOVAL OF ACTION: UNDER 28 U.S.C. § 1441(A) (FEDERAL QUESTION)
CASE NO. _____